## A. O. JENSEN AND ANOTHER v. ST. PAUL MOVING PICTURE MACHINE OPERATORS LOCAL UNION NO. 356 AND OTHERS.[1]

March 22, 1935.

No. 29,973.

*Charles A. Lethert,* for appellants.

[1]Reported in 259 N. W. 811.

PER CURIAM.

This case comes here on appeal from a permanent injunction restraining defendants from picketing the plaintiffs' theater.

Prior to May, 1933, plaintiffs had employed an operator for their moving picture machine who was not a member of defendant union, although they had paid to the union a sum equal to the dues of a member. On that day they entered into an agreement with the St. Paul local union by which they agreed to employ only moving picture machine operators furnished by that union, and from that date until the 26th of June, 1933, they employed such an operator. They then dispensed with the services of an employed operator and themselves operated their moving picture machine. The agreement with the local union terminated September 1, 1933, but the union continued to picket the theater as "unfair," as it had done from June 26. This action followed. It was evidently the contention of the plaintiffs that the agreement did not bind them to employ an operator but that if they did employ one he must be furnished by the local union. The local union took the position that plaintiffs bound themselves to employ union operators until September 1, 1933. Which construction of the contract was right is not important here. It is conceded by appellants that if there had been no contract plaintiffs would be entitled to an injunction. The right of defendants peacefully to picket in case of a "labor dispute" is conceded.

L. 1933, c. 416, § 4, 3 Mason Minn. St. 1934 Supp. § 4260-4, prohibits the issuance of a temporary or permanent injunction in any case involving or growing out of any "labor dispute" and from doing certain specified acts, among which are those involved here. Section 12(c) of that act defines a labor dispute as any controversy concerning terms or conditions of employment. In the case at bar, if the defendants were right in their construction of the contract, after September 1 they had at most a cause of action for damages for its prior breach. We do not think that such a cause of action was a labor dispute within the terms of the statute. It could not have been the intention of the legislature to permit picketing to enforce the settlement of a cause of action for damages which had

previously accrued and for which there was a wholly adequate remedy at law. To permit compulsion of that character to be brought to bear upon such a dispute would so far deprive plaintiffs of their right to settle a claim for damages as provided by law that the statute could hardly be sustained. The dispute related to a question of damages. It did not concern terms or conditions of employment as such words are used in the statute. Therefore it was outside the prohibition in regard to the issuance of injunctions, and the lower court must be affirmed.