## Bulkin et al. v. Sacks

502

*M. Herbert Syme*, for plaintiffs.

FLOOD and LEVINTHAL, JJ., March 2, 1938.—Plaintiff union officials, on behalf of the union and themselves, seek to enjoin defendant, preliminarily until hearing and permanently thereafter, from violating a union contract. Plaintiffs allege that, under the terms of this contract executed by them and defendant, defendant agreed to employ none but members of the union. In violation of his contract, defendant hired a person not a member of the union. Upon the latter's refusal to join the union, defendant refused to accede to plaintiffs' demand that he either require her to become a member of the union or discharge her.

By the terms of the Labor Anti-Injunction Act of June 2, 1937, P. L. 1198, sec. 11, 43 PS §§206a, 206k, no injunction can be granted in a labor dispute to any complainant "who has failed to make every reasonable effort to settle such dispute, either by negotiation, or with the aid of any available governmental machinery of mediation or voluntary arbitration". Under the Pennsylvania Labor Mediation Act of May 18, 1937, P. L. 674, 43 PS §211.31 et seq., the Department of Labor and Industry is authorized to arbitrate in labor disputes and to set up a commission to undertake arbitration in such disputes. Plaintiffs' bill did not indicate that they had availed themselves of the aid of this governmental machinery of mediation to settle their dispute with defendant. By their amended bill plaintiffs allege that certain efforts were made after the filing of the original bill and prior to the filing of the amended bill.

Under these allegations it appears that, at the time the suit was commenced, plaintiffs had not satisfied the conditions essential to give us jurisdiction to grant an injunction at their request under the Labor Anti-Injunction Act, supra. The dispute is clearly a labor dispute: Labor Anti-Injunction Act, sec. 3. While Jensen et al. v. St. Paul Moving Picture Machine Operators Local Union No. 356 et al., 194 Minn. 58, 259 N. W. 811 (1935), the only case which we have found involving this question, holds to the contrary, it seems to us a misinterpretation of unambiguous language, and since it is not binding upon us we do not follow it.

Therefore, since the terms of section 11 of the Labor Anti-Injunction Act have not been complied with, no injunction may issue.

Plaintiffs contend that since the allegations of the bill show a violation of contract the act is not applicable. See Trustees of Wisconsin State Federation of Labor et al. v. Simplex Shoe Mfg. Co., 215 Wis. 623, 256 N. W. 56 (1934). We see no such limitation in the language of the act. On the other hand the public policy announced in section 2 of the Labor Meditation Act above mentioned would indicate that such aid should be availed of in this sort of case before the matter is brought into court.

The public policy exemplified in the two acts mentioned, and in the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, 43 PS §211.1 et seq., seems clear. It is that labor disputes should not be brought into court unless and until all other methods of settling the dispute, including the use of all governmental administrative machinery, have first been exhausted. See Grace Co. v. Williams et al., 20 Fed. Supp. 263 (W. D., Mo., 1937) ; Cole et al. v. Atlanta Terminal Co. et al., 15 Fed. Supp. 131 (N. D., Ga., 1936) ; Cinderella Theater Co., Inc., et al. v. Sign Writers' Local Union No. 591 et al., 6 Fed. Supp. 164 (E. D., Mich., 1934) ; and Stanley et al. v. Peabody Coal Co., 5 Fed. Supp. 612 (S. D., Ill., 1933).

A reading of these statutes indicates that the public policy is not merely to protect labor against the issuance of injunctions and to compel or protect collective bargaining, but also to relieve the courts from the necessity of passing upon or even considering these cases until all other methods of settling them have failed. There is a very definite policy of keeping labor disputes out of the courts. In this connection it is interesting to recall the statement of the present Chief Justice in Kirmse et al. v. Adler et al., 311 Pa. 78, 83 (1933):

"The question[s] arising from labor disputes have many times been before the courts for solution, but because the matter involves so many intricate details of economic and social life, with the fundamental rights inherent in both contesting parties at stake, it is obvious that these tribunals should not be the ones to decide them."

The policy should, in fairness, apply just as well when the employe or the union is the complainant as when the employer is the complainant. And the language of the act makes it clear that it does. So construed, the act is constitutional. See our recent discussion of the constitutionality of the act in Lipoff v. United Food Workers Industrial Union, Local No. 107, et al., XCVIII L. I. 315 (1938).

Since the suit was brought prematurely plaintiffs cannot help their position by attempting to amend the bill by showing that the prerequisites of bringing suit were complied with after its commencement. Preliminary injunction denied.